**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10015 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00168-GMN-PAL-1 |
| v. | |
| DERRICK VINCENT, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Submitted December 2, 2020**

Before: WALLACE, CLIFTON, and BRESS, Circuit Judges.

Derrick Vincent appeals from the district court's judgment and challenges

the 24-month sentence imposed upon his third revocation of supervised release.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Vincent contends the district court procedurally erred by failing to calculate

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the Guidelines range prior to imposing the sentence and by inadequately explaining the upward variance from the Guidelines range. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. Despite the district court's failure to state the Guidelines range at the outset of sentencing, the record reflects that the court was aware of the correct, undisputed Guidelines range. The district court also sufficiently explained its reasons for the upward variance, including Vincent's repeated violations of the terms of his supervised release and the need to protect the public. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). On this record, Vincent has not shown a reasonable probability that he would have received a different sentence absent the alleged errors. *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008).

Vincent also contends that his sentence is substantively unreasonable. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The above-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) factors and the totality of the circumstances. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**